**IT IS ORDERED as set forth below:**



**Date: April 24, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| TIMOTHY PHILYAW, SR., | : | BANKRUPTCY CASE |
| | : | 13-50612-LRC |
| Debtor. | : | |
| _____ | : | |
| TIMOTHY PHILYAW, SR., | : | ADVERSARY PROCEEDING |
| | : | NO. 18-05335-LRC |
| Plaintiff, | : | |
| v. | : | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, successor in interest by assignment to Santander Consumer USA, Inc., by and through its Servicing Agent, PRA Receivables Management, LLC, | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Adversary Complaint (hereinafter the "Motion"), filed by Portfolio Recovery Associates, LLC, successor in interest by assignment to Santander Consumer USA Inc., by and through its servicing agent, PRA Receivables Management, LLC (hereinafter "Defendant"). The Motion arises in connection with a complaint (hereinafter the "Complaint") filed by Timothy Philyaw, Sr. (hereinafter the "Plaintiff") seeking damages for violation of the bankruptcy discharge injunction and confirmation order, as well as turnover of the certificate of title to Plaintiff's vehicle. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 1334; 157(b)(2)(O); *see also In re Ghee*, 2007 WL 7141766, at *3 (Bankr. N.D. Ga. Feb. 23, 2007) (Bonapfel, J.) ("The only core proceeding over which this Court has jurisdiction, however, is the alleged violation of the discharge injunction. 28 U.S.C. § 157(b)(2)(O).").[1]

### FACTS AND PROCEDURAL HISTORY

Plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 11, 2013. *See* Case No. 13-50612-lrc (Bankr. N.D. Ga.) (the "Bankruptcy Case"), Doc. No. 1. The Court confirmed Plaintiff's proposed plan (*Id.* Doc.

---

[1] "The court recognizes that, pursuant to Federal Rule of Bankruptcy Procedure 9020 and 9014, the traditional way to bring an action for contempt is by motion. However, because an adversary proceeding provides a defendant with more, not less procedural protection than in a Rule 9014 contested matter brought by motion, "courts routinely hear contempt actions brought as adversary proceedings." *In re Bennett*, 2015 WL 8147588, at *2 (Bankr. N.D. Ohio Dec. 7, 2015); *see also In re Henriquez*, 536 B.R. 341, 343 n.2 (Bankr. N.D. Ga. 2015).

2

No. 18) on August 14, 2013 (hereinafter the "Plan"). *Id*. Doc. No. 27 (the "Confirmation Order"). The Plan provided for Plaintiff to retain a 2005 Dodge Ram 1500 (hereinafter the "Vehicle"), for which Plaintiff proposed to pay to Defendant's predecessor-in-interest, a total of $17,836.17 plus 4% interest through $217 per month preconfirmation adequate protection payments and post-confirmation payments of $180 per month. *Id*. Doc. No. 18); Complaint, ¶ 5. Pursuant to the Confirmation Order, "[p]roperty of the estate" did not revest in Plaintiff "until the earlier of discharge . . . , dismissal of the case, or closing of case without entry of a discharge." Complaint, Ex. D.

After Plaintiff completed his payments under the Plan, the Court entered a discharge order on February 28, 2018. *Id*. Doc. No. 54. On July 3, 2018, Debtor's counsel sent a letter to Defendant demanding that the certificate of title to the Vehicle (the "Title")[2] be provided to counsel's office within thirty days. Complaint, ¶ 9. When Defendant failed to comply, Plaintiff moved to reopen the Bankruptcy Case and filed the Complaint. Complaint, ¶¶ 10, 11.

The Complaint seeks damages due to Defendant's failure to return the Title to Plaintiff and asserts that this Court has the authority to award such damages: (1) upon a finding that Defendant violated the discharge injunction; (2) under § 105(a) to maintain the integrity of the Court and "to protect debtors who have completed their Chapter 13

---

[2] The Title was issued on November 7, 2006. Complaint, Ex. A.

3

plan and received a full discharge"; (3) upon finding that Defendant violated the Confirmation Order; (4) upon finding that Defendant violated § 542 of the Bankruptcy Code by not turning over property of Plaintiff's bankruptcy estate; and (5) as a sanction for Defendant's willful violation of the automatic stay (§ 362(a)(3) by failing to "immediately turnover" the Title to Plaintiff.

On January 27, 2019, Defendant filed the instant motion to dismiss for failure to state a claim upon which relief can be grated (Doc. No. 8) (the "Motion"). As Plaintiff has failed to respond to the Motion, the Motion is deemed unopposed. *See* BLR 7007-1(c).

## CONCLUSIONS OF LAW

Defendant asserts that the Complaint must be dismissed for failure to state a claim upon which relief may be granted in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. Rule 8 of the Federal Rules of Civil Procedure, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (made applicable to this proceeding by FED. R. BANKR. P. 7008). Under Rule 12(b)(6), the Court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)). When considering whether

4

to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. The Court must also draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Consequently, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In support of the Motion, Defendant submits that Plaintiff has pled no facts that would support an award of damages under any of Plaintiff's theories. Specifically, Defendant argues that the Complaint includes no facts from which the Court could conclude that Defendant willfully attempted to collect a debt from Plaintiff in violation of the discharge injunction, that Defendant willfully failed to comply with the terms of Plaintiff's confirmed plan or the confirmation order, or that Defendant had any obligation

to turn over the Title because it was not property of the estate.

The Court agrees that the Complaint lacks sufficient factual allegations and must be dismissed unless amended. First, as to Counts 1 and 2, § 524 "of the bankruptcy code provides the debtor with a post-discharge injunction against collection of debts discharged in bankruptcy." *In re Hardy*, 97 F.3d 1384, 1388–89 (11th Cir. 1996), and § 105(a) "grants statutory contempt powers in the bankruptcy context," which permit bankruptcy courts to award "monetary and other forms of relief" for violations of the discharge injunction, *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1557 (11th Cir. 1996). But to obtain damages under § 105(a) for a violation of the discharge injunction or, as Count Two pleads, for misconduct that "has substantially frustrated the discharge order," a plaintiff must demonstrate that the defendant engaged in a "willful violation," which requires a showing that the defendant: (1) knew that the discharge injunction was in place, and (2) intended the action that violated the discharge injunction." *In re Henriquez*, 536 B.R. 341, 345 (Bankr. N.D. Ga. 2015) (Sacca, J.); *see also In re Mele*, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013). "In assessing violations of the . . . discharge injunction, the core issue is whether the creditor acted in such a way as to 'coerce' or 'harass' the debtor improperly.'" *In re Pratt*, 462 F.3d 14, 19 (1st Cir. 2006); s*ee also In re Casarotto*, 407 B.R. 369, 377 (Bankr. W.D. Mo. 2009) ("[T]he Debtor bears the burden of showing 'by clear and convincing evidence' a violation of [§ 524] and that an act is designed to collect

a discharged debt.")

Defendant argues that it was not required by state law, the confirmed plan, or the confirmation order to release its lien and return the Title to Plaintiff. The Court concludes that, even if it was, the Complaint contains no factual allegations to support the conclusion that Defendant's failure to do so upon demand by Plaintiff was motivated by the improper purpose of collecting the discharged debt from Plaintiff. *Casarotto*, 407 B.R. at 378 ("Conclusory statements that the maintenance of a lien involves an ulterior motive to circumvent the discharge statute are not sufficient to withstand a motion to dismiss."). For this reason, Counts One and Two fail to state a claim as pled.

Second, as to Count Three, some courts have held that a "violation of the confirmation order is an act of contempt, which, like the discharge injunction, may be remedied by this Court's authority under 11 U.S.C. § 105(a)." *In re Dendy*, 396 B.R. 171, 179 (Bankr. D.S.C. 2008); *but see In re Padilla*, 389 B.R. 409, 421 (Bankr. E.D. Pa. 2008) ("[W]hen viewed properly in contractual terms, a creditor's failure to act in accordance with a confirmed chapter plan, without more, does not routinely give rise to contempt proceedings."). "To establish civil contempt of an order, Debtors must prove each of the following by clear and convincing evidence: '(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's 'favor;' (3) ... that the alleged contemnor by its conduct

7

violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result." *Id.*

Defendant asserts that nothing in the Plan or the confirmation order specifically required Defendant to release the lien after completion of payments and entry of discharge and, accordingly, the Court cannot hold Defendant in contempt of the confirmation order. *See id.* at 181 ("Notwithstanding the foregoing, the plan language in this case does not expressly require the affected creditor to take any action following the completion of the chapter 13 case to remove the void mortgage from the real property records. Without a specific command in the plan . . . the Court cannot find that these parties have committed an act of contempt."). The Court agrees with Defendant that, even if a contempt action lies for violation of a confirmation order, neither the Plan nor the Confirmation Order placed Defendant on notice of any affirmative obligation to release its lien and return the Title to Plaintiff. Further, Plaintiff has not alleged that Defendant acted (or failed to act) with a subjective intent to obtain more under the terms of the Plan than it was entitled to receive. Therefore, the Court cannot hold Defendant in contempt of the Confirmation Order or impose sanctions upon Defendant based upon the allegations in the Complaint. Count 3 fails to state a claim as pled.

Finally, Counts 4 and 5 assert that Defendant violated § 542 by refusing to turn over property of Plaintiff's bankruptcy estate and that such refusal violated § 362(a)(3)'s

8

prohibition against exercising control over property of the estate. Granting Plaintiff relief under Counts 4 and 5 requires the Court to first find that Defendant refused to turn over property of Defendant's bankruptcy estate. The Complaint acknowledges that Defendant's obligation to return the Title to Plaintiff did not arise until the entry of the discharge order. According to the terms of the Confirmation Order, once the discharge order was entered, all property of the estate revested in Plaintiff. For this reason, the Court cannot conclude that Defendant failed to turn over property of the estate and Counts 4 and 5 fail to state a claim.

## CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Motion is **GRANTED** as described below;

IT IS FURTHER ORDERED that Counts One, Two, and Three will be dismissed under Rule 7012(b) for failure to state a claim upon which relief may be granted unless Plaintiff amends the Complaint within fourteen (14) days from the date of the entry of this Order and, if Plaintiff fails to amend timely the Complaint, Counts One, Two, and Three shall stand **DISMISSED** without the need for a further order; and

IT IS FURTHER ORDERED that Counts Four and Five are **DISMISSED** under Rule 7012(b) for failure to state a claim upon which relief may be granted.

**END OF DOCUMENT**